UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
AVINOAM ROSENFELD, AS TRUSTEE
OF THE MICHAEL BLUTH IRREVOCABLE
LIFE INSURANCE TRUST,

                                Plaintiff,

            -against-

THE LINCOLN LIFE INSURANCE COMPANY
AND WILLIAM SEGAL,

                                Defendants.

-----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 09 2017 ★
LONG ISLAND OFFICE

ORDER

CV 16-1549

(Wexler, J.)

APPEARANCES:

    LIPSIUS-BENHAIM LAW, LLP
    BY:   IRA S. LIPSIUS, ESQ.
            DAVID BENHAIM, ESQ.
            PHILLIP MANELA, ESQ.
    Attorneys for Plaintiff
    80-02 Kew Gardens Road, Suite 1030
    Kew Gardens, New York 11415

    SAUL EWING LLP
    BY:   PAUL M. HUMMER, ESQ.
            VALERIE G. PENNACCHIO, ESQ.
    Attorneys for Defendant Lincoln Life Insurance Company
    One Riverfront Plaza, Suite 1520
    Newark, New Jersey 07102

WEXLER, District Judge:

    Before the Court is Plaintiff's motion to remand this action, pursuant to 28 U.S.C. § 1447(c), on the grounds that the Court lacks subject matter jurisdiction over the action because

there is not complete diversity. Defendant Lincoln Life Insurance Company ("Lincoln") opposes the motion, arguing that Defendant William Segal ("Segal"), whose presence in the action destroys diversity, was fraudulently joined by Plaintiff to prevent the Court from retaining jurisdiction over the matter. Segal takes no position with respect to the instant motion. For the following reasons, Plaintiff's motion is granted and this action is remanded to the state court from which it was removed.

## BACKGROUND

This action arises out of the 2014 lapse of an insurance policy issued on the life of Michael Bluth for nonpayment of premium. Plaintiff, Avinoam Rosenfeld ("Rosenfeld"), is the Trustee of the Michael Bluth Irrevocable Life Insurance Trust, which owned the life insurance policy.

On February 16, 2016, Plaintiff filed this action against Lincoln in New York Supreme Court, seeking reinstatement of the Bluth life insurance policy. The gravamen of Plaintiff's Complaint is that the life insurance policy should not have lapsed because Lincoln's grace notices did not comply with New York Insurance Law § 3211.

On March 30, 2016, Lincoln timely removed the action to this Court on the basis that, at the time of removal, the parties to the action - Plaintiff and Lincoln - were diverse, conferring subject matter jurisdiction on this Court on the grounds of diversity jurisdiction. Following removal, Plaintiff, with the consent of Lincoln, filed an Amended Complaint, joining Segal, the insurance agent on the Bluth life insurance policy, as a defendant to this action. The Amended Complaint asserts a state law claim for misrepresentation against Segal. Segal filed his Answer

to the Amended Complaint on December 29, 2016, which admits that he is a citizen and resident of New York.

Plaintiff now seeks to remand this action to the state court from which it was removed on the grounds that diversity jurisdiction no longer exists since both Plaintiff and Segal are New York residents. Lincoln opposes remand on the grounds that Plaintiff fraudulently joined Segal to defeat jurisdiction.

## DISCUSSION

### I. 28 U.S.C. § 1447(c) vs. 28 U.S.C. § 1447(e)

As a threshold matter, the parties dispute which section of the removal statute is applicable to this action. While Plaintiff brings his motion pursuant to Section 1447(c), Lincoln argues that Section 1447(e) should govern the resolution of the within motion.

28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Plaintiff's position is that, now that the Complaint has been amended to join Segal as a defendant, complete diversity no longer exists, thereby divesting the Court of subject matter jurisdiction. Accordingly, Section 1447(c) is applicable and remand is appropriate.

Section 1447(e) establishes the standard for joinder of non-diverse parties after removal, providing that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Whether to permit joinder in such an action is a matter left to the Court's discretion. See McGee v. State Farm Mut. Auto. Ins. Co., 684 F. Supp. 2d 258,

261 (E.D.N.Y. 2009) (citation omitted). Lincoln argues that this is the standard to be applied.

While Section 1447(e) would "clearly give the Court the authority to deny a motion to amend when plaintiff seeks to join a non-diverse party, in this case, the complaint has already been amended." Id. Moreover, Lincoln consented to Plaintiff amending his Complaint, after reviewing a copy of the Proposed Amended Complaint. (Docket Entry #9). Paragraph five of the Amended Complaint clearly states that "William Segal . . . is a citizen and resident of New York." (Am. Compl. ¶ 5.) Accordingly, as early as July 2016, Lincoln was on notice that adding Segal to this action could destroy diversity and make the action ripe for remand. As stated supra, Lincoln consented to the addition of Segal as a defendant, and knew or should have known the consequences that may result. Yet, Lincoln is now attempting to challenge the amendment of the Complaint on the grounds that Segal is being fraudulently joined. Given Lincoln's consent to the amendment, the Court will not permit such a challenge.

Accordingly, the Court finds that Section 1447(c) is the appropriate standard to apply here.

II. Legal Standard Under § 1447(c)

It is well-settled that complete diversity of citizenship is necessary to sustain federal jurisdiction where, as here, federal question jurisdiction is lacking. See St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply, 409 F.3d 73, 80 (2d Cir. 2005). A plaintiff, however, may not defeat diversity jurisdiction by the joinder of a non-diverse defendant "with no real connection to the controversy." Bounds v. Pine Belt Mental Health Care Res., 593 F.3d 209, 215 (2d Cir. 2010). Such fraudulent joinder results in dismissal of the non-diverse defendant, and

denial of a motion to remand. See Pampillonia v. RJR Nabisco, Inc., 118 F.3d 459, 461 (2d Cir. 1998)).

Fraudulent joinder can be established one of two ways: (1) by showing fraud in the plaintiff's pleadings, or (2) by demonstrating "that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." Id. The burden of proving fraudulent joinder is "heavy," as it must be demonstrated by clear and convincing evidence. Bounds, 593 F.3d at 215 (citing Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 302 (2d Cir. 2004)).

In deciding a motion to remand, the Court must resolve all factual and legal issues in favor of the plaintiff. See Pampillonia, 138 F.3d at 461. The issue is not whether the plaintiff is likely to prevail against the non-diverse defendant, but whether the pleading sets forth any possible claim under state law. See Cleary v. Boston Scientific Corp., No. CV 06-3423, 2006 WL 2689815, at *3 (E.D.N.Y. Sept. 18, 2006).

A.  Fraud in the Pleadings

"A defendant must establish by clear and convincing evidence that a plaintiff's pleadings contain some false set of facts in order to prove fraud in the pleadings." Gerbo v. Kmart Corp., No. 14-CV-4866, 2015 U.S. Dist. LEXIS 148954, at *6 (E.D.N.Y. Nov. 3, 2015) (citation omitted). Here, Lincoln argues that the allegations of the Amended Complaint are false because they are contrary to Plaintiff's deposition testimony. While Lincoln provides pages and pages of purported facts based on Plaintiff's deposition testimony, at this point in the litigation the Court cannot conclude that Plaintiff has committed outright fraud in his pleadings. As set forth above, Lincoln faces a heavy burden, which must be met by clear and convincing evidence.

The Court finds that Lincoln has failed to sustain that burden.

B. <u>Sufficiency of Plaintiff's Allegations Against Segal</u>

The second way to establish fraudulent joinder is to demonstrate that "there is no possibility, based on the pleadings," that Plaintiff can state a cause of action against Segal in state court. Pampillonia, 138 F.3d at 461. "Although 'federal law applies to the question of fraudulent joinder, the ultimate question is whether . . . state law might impose liability on the facts involved.'" In re Gen. Motors Ignition Switch Litig., No. 14-MD-2543, 2015 WL 3776385, at *1 (S.D.N.Y. June 17, 2015) (quoting MBIA Ins. Corp. v. Royal Bank of Canada, 706 F. Supp. 2d 380, 394 (S.D.N.Y. 2009)). "Any possibility of recovery, even if slim, militates against a finding of fraudulent joinder; only where there is 'no possibility' of recovery is such a finding warranted." Nemazee v. Premier, Inc., 232 F. Supp. 2d 172, 178 (S.D.N.Y. 2002) (quoting Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 207 (2d Cir. 2001)).

Although Lincoln has set forth some strong evidence concerning the ultimate merits of Plaintiff's claim against Segal, there has been no finding by the Court that Plaintiff's case against Segal should be dismissed. The issue has not been briefed, and the Court is reluctant to make such a finding in the context of a motion to remand.

Accordingly, since Lincoln has failed to demonstrate outright fraud in Plaintiff's Amended Complaint or that Plaintiff's action against Segal is entirely impossible, the motion to remand is granted.

## CONCLUSION

Based on the foregoing, Plaintiff's motion to remand is granted. The Clerk of the Court is directed to transfer this action to the Supreme Court of the State of New York, County of Nassau, and to close the file in this matter.

**SO ORDERED:**

Dated: Central Islip, New York
     March 9, 2017

s/ Leonard D. Wexler
LEONARD D. WEXLER
United States District Judge